

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert T. Wenglicki : | |
| 127 Deck Road : | |
| Womelsdorf, PA 19567 : | |
| : | |
| Plaintiff : | |
| v. : | |
| : | |
| Tribeca Lending Corp. : | |
| 6 Harrison Street : | CIVIL ACTION NO.: 07-4522 |
| New York, NY 10013 : | |
| : | |
| And : | |
| : | |
| Franklin Credit Management Corp. : | |
| 101 Hudson Street, 25th floor : | |
| Jersey City, NJ 07302 : | |
| : | JURY OF TWELVE (12) JURORS DEMANDED |
| And : | |
| : | |
| Avaya, Inc. : | |
| 2711 Centerville Road Suite 400 : | |
| Wilmington, DE 19808 : | |

### ORDER

AND NOW this _____ day of _____, 2008, upon consideration of

Defendants' Motion to Dismiss, and Plaintiff's Response thereto, it is hereby ORDERED

and DECREED that said Motion is Denied.

**AND IT IS SO ORDERED.**

                                                                                                                _____
                                                                                                                Lawrence Stengel, J.



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert T. Wenglicki | : |
| 127 Deck Road | : |
| Womelsdorf, PA 19567 | : |
| | : |
|         Plaintiff | : |
|   v. | : |
| | : |
| Tribeca Lending Corp. | : |
| 6 Harrison Street | :   CIVIL ACTION NO.: 07-4522 |
| New York, NY 10013 | : |
| | : |
|         And | : |
| | : |
| Franklin Credit Management Corp. | : |
| 101 Hudson Street, 25th floor | : |
| Jersey City, NJ 07302 | : |
| | : JURY OF TWELVE (12) JURORS DEMANDED |
|         And | : |
| | : |
| Avaya, Inc. | : |
| 2711 Centerville Road Suite 400 | : |
| Wilmington, DE 19808 | : |

## PLAINTIFF'S RESPONSE TO DEFENDANTS', TRIBECA, ET AL, MOTION TO DISMISS

      Incorporating by reference his attached Memorandum of Law, Plaintiff requests this Honorable Court deny Defendants', Tribeca, et al, Motion to Dismiss.

      WHEREFORE, Plaintiff requests this Honorable Court deny Defendants' Motion to Dismiss.

                                     PROCHNIAK WEISBERG, P.C.

                              BY: <u>/s/ Matthew B. Weisberg</u>
                                   Matthew B. Weisberg
                                   Attorney for Plaintiff



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert T. Wenglicki | : | |
| 127 Deck Road | : | |
| Womelsdorf, PA 19567 | : | |
| | : | |
|         Plaintiff | : | |
|   v. | : | |
| | : | |
| Tribeca Lending Corp. | : | |
| 6 Harrison Street | : | CIVIL ACTION NO.: 07-4522 |
| New York, NY 10013 | : | |
| | : | |
|         And | : | |
| | : | |
| Franklin Credit Management Corp. | : | |
| 101 Hudson Street, 25th floor | : | |
| Jersey City, NJ 07302 | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
|         And | : | |
| | : | |
| Avaya, Inc. | : | |
| 2711 Centerville Road Suite 400 | : | |
| Wilmington, DE 19808 | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS', TRIBECA, ET AL, MOTION TO DISMISS

I. **Introduction**

    This is an action against Defendants, Tribeca, et al, for mortgage fraud ("Predatory Lending").

    The gravamen of Plaintiff's Complaint regard Defendants' misrepresentations vis-à-vis a mortgage refinance which was supposed to but did not consolidate and pay-off Plaintiff's second mortgage and other debt. As a result of Plaintiff's inability to afford

this new mortgage and prior intended to be satisfied debt, Defendants filed an action in Mortgage Foreclosure which currently pends towards Sheriff's foreclosure Sale.

Presumably seeking here leverage, Defendants have refused to stay the Sheriff's Sale pending the outcome of this matter. Holding Plaintiff's home hostage instead of acting to cure self-created liability, this conduct is an illustration of the gross misconduct which gives rise to Plaintiff's Complaint.

Defendants predominately argue jurisdiction *vis-à-vis* the Statute of Limitations and Doctrine of Abstention. Secondarily, Defendants request dismissal for statutory inapplicability and want of specificity.

Aside from their ongoing conduct regarding the state foreclosure, Defendants are confused regarding their arguments:

II.   **Argument**

   A.   Statute of Limitations: TILA

On October 29, 2005, Plaintiff executed a loan. On October 16, 2007, the mortgage default gave rise to a foreclosure Complaint which resulted in default judgment on November 30, 2007. This action was filed on October 29, 2007.

Exercising diversity or supplemental jurisdiction, a federal court applies the substantive law of the forum state including its statute of limitations. Calle v. York Hosp., 232 F.Supp. 2d 353 (M.D.PA 2002); Wise v. Mortgage Lender Network USA, Inc., 420 F.Supp.2d 389, 395 (E.D.PA 2006). State tolling principals are used when a Federal Court applies to state claims of statutes limitations. Calle, supra.

Pennsylvania recognizes a "Discovery Rule" exception to the Statute of Limitations that tolls the running of the statute until the Plaintiff knew or should have known of the injuries and its cause. Wise, supra.; McCauley v. Owens-Corning Fiberglass Corp., 715 A.2d 1125 (Pa.Super. 1998), *reargument denied*. Moreover, when the underlying events being sued upon sound in deceit that, without more, will toll the statute of limitations until such time as the fraud has been revealed. Wise, supra. Fraud, which will toll the statute of limitations and effect estoppel, need not be fraud in the strictest sense but may be in the broadest sense, including any act of deception. McNair v. Weikers, 446 A.2d 905, 300 Pa.Super. 379 (1982).

The doctrine of "equitable tolling" stops the statute of limitations from running where a (Federal) claim's accrual date has otherwise already passed. Wise, at 393. Equitable tolling allows a Court "to extend a Statute of Limitations on a case-by-case basis to prevent inequity." Colletti v. N.J. Transit Corp., 50 Fed.Appx. 513 (3d. Cir. 2002) (unpublished opinion); Smith v. EquiCredit Corp., 2002 WL 32349873 *3 (E.D.Pa. 2002).

The Third Circuit has identified three (3) scenarios when equitable tolling may be appropriate: (1) where the Defendant has actively misled the Plaintiff respecting the Plaintiff's cause of action; (2) where the Plaintiff in some extraordinary way has been prevented from asserting his or her right; or (3) where the Plaintiff has timely asserted his or her rights mistakenly in the wrong form. Oshiver v. Levin, et al., 38 F.3d 1380, 1387 (3d. Cir. 1994). Equitable tolling is applied in situations where the Defendant

intentionally defrauds the Plaintiff by exploiting a financial need and conceals material terms of the loan. Smith, at *5-6.

The statute of limitations is an affirmative defense which, if not raised, is waived. U.S. v. Karlin, 789 F.2d 90 (C.A. 3 (N.J.) 1986). Whether the Discovery Rule or Equitable Tolling, the Statute of Limitations by necessary implication creates an issue of fact improper upon a Motion to Dismiss. *See generally,* In re MacGregor Sporting Goods, Inc., 199 B.R. 205 (D.N.J. 1995).

Whether premature, requiring discovery, or falling within all limitations' periods (see below). Defendant's Motion per the statute of limitations must be denied.

Plaintiff's cause of action did not give rise until, at the very least, October 16, 2007 (commencement of foreclosure).

Even if the cause of action arose upon Plaintiff's loan execution (tautologically impossible as a cause of action for fraud, misrepresentation or non-disclosure cannot by their nature appear to their victim at the time they are perpetrated, such is the nature of the misconduct-that is, to conceal itself), Plaintiff would still not be time-barred.

When a lender's notices are accurate and complete, an obligor has three (3) days to rescind the loan and one (1) year thereafter to seek judicial intervention if rescission is denied. 15 U.S.C. §1635(f). However, when a lender fails to make accurate disclosures, TILA[1] grants the right of rescission for a period of three (3) years and then one (1) year

---

[1] Confused, Defendant argues TILA as having the same Statute of Limitation as HOEPA. While technically correct, HOEPA is a sub-set of TILA; that is, HOEPA is to TILA what an apple core is to an apple.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

thereafter to file suit. Id.; King v. State of Cal., 784 F.2d 910 (C.A.9 1986); *See*, Jefferies v. Ameriquest Mortgage Co., 2:07-cv-000057-WY (E.D.Pa. February 12, 2008).

Aside from confusing the applicable limitations period, Defendant mischaracterizes its own conduct by presumably implying the one (1) year statute of limitations only arising when the lender acts appropriately but then refuses to rescind. On the contrary, lender here is not claimed consonate with perfect disclosure.

This action was filed within three (3) years of the loan's execution, and even one (1) year of that foreclosure. Plaintiff's TILA claim was timely filed.

Defendant's statute of limitations argument must fail.

B.   Abstention

Defendant's requests this Honorable Court's abstention arguing this Court's relinquishment of jurisdiction for this matter to be consolidated with the state foreclosure. Without even addressing the impropriety of a Federal Court abstaining from the adjudication of a federal cause of action instead for a state court's adjudication, Defendant's argument fails *ab initio* as this state (Pennsylvania) statutorily prohibits this action being brought as a counterclaim or even a defense to a foreclosure.

Plaintiffs may not bring these causes of action as counterclaims in the state foreclosure. Pa.R.C.P. 1148; Mellon Bank v. Joseph, 406 A.2d 1055, 267 Pa.Super. 307 (1979); Cunningham v. McWilliams, 714 A.2d 1054 (Pa.Super 1998). Separately, an action *in rem* to foreclose upon a mortgage shall not include even a request for relief *in personam,* Pa.R.C.P 1141(a); Insilco Corp. v. Rayburn, 374 Pa.Super 362, 368, 543 A.2d 120 (1988). The Pennsylvania Supreme Court held that it is impermissible to assert a set-

off for monetary damages in a mortgage foreclosure action.  Greentree Consumer Discount Co. v. Newton, 909 A.2d 811, 815-16 (Pa. 2006).

In Pennsylvania, the purpose of the mortgage foreclosure is solely to effect a judicial sale of the mortgaged property.  New York Garden Mortgage Corp v. Dietzel, 362 Pa. Super 426, 431, 524 A.2d 951 (1987).  It is not a judgment for damages.  Id.

Moreover, Plaintiff could not have joined the other entities here sued in the underlying foreclosure.  Newtown Village Partnership v. Kimmel, 424 Pa.Super 53, 621A.2d 1036 (1993); Signal Consumer Discount, Co., 257 Pa. Super 101, 108, 390 A.2d 266 (1978).

Defendants' argument is fatally flawed for Defendants' overlooking Pennsylvania law with regards to their causes of action prohibited as defenses or counterclaims to the underlying foreclosure, and Pennsylvania's refusal to submit claims of personal liability within a foreclosure context against either the foreclosing lender or via joinder of the other Defendants here named.

If that were not enough to defeat Defendants' argument for abstention, Plaintiff also reminds Defendants per their oblique reference without more regarding the underlying default judgment that Pennsylvania does not construe its default judgments as one on the merits.  In re Graves, 33 F.3d 242 (C.A.3 (PA) 1994).  Further, this is an action upon the note, its origination and servicing.  In Pennsylvania, the note and mortgage are distinct.  See, In re Washington, 2007 WL 846658 (E.D.PA. 2007).

The note or any here causes of action have never been litigated, and the foreclosure upon the mortgage inapposite.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

Defendants' request for abstention should be denied.

C. RESPA, FCEUA and FDCPA

Despite Movant admitting that Plaintiff's Complaint contends that, if nothing else, the Complaint itself acts as a Qualified Written Request ("QWR"), Defendants, confused, claims Plaintiff having not identified even one (1) QWR. Moreover, Defendants confuse Plaintiff's action under RESPA as solely upon the failure of Defendants' responsiveness when the main gist of RESPA is to prevent fee sharing. Said another way, not only has Defendant failed to legally comply with its required RESPA responses, but it has engaged in fee sharing with the title agent (non-party) by assessing prepaid finance charges which were neither *bona fide* nor *reasonable* and by failing to disclose those that are permitted. Szczubelek Cendent Mortgage Corp., 215 F.R.D 107 (D.N.J 2003) (citing 12 U.S.C. 2607(b); U.S. v. Gannon, 684 F.2d 433 (7th Cir. 1980)), *cert. Den'd*.

Whether inappropriate fee sharing or Defendants' non-responsiveness under RESPA, Defendants' Motion should be denied

Not surprisingly, not only do Defendants confuse FDCPA and FCEUA but also Defendants confuse each other.

"Tribeca" is Plaintiff's mortgage broker. "Franklin" acted as Plaintiff's *post-default* foreclosing creditor and servicer.

For the sake of narrowing litigation, Plaintiff here withdraws his actions against Tribeca under the FDCPA and FCEUA.

However, Franklin acted as both a collector and post-default servicer and as such, both statutes apply. *See,* Doughtery v. Wells Fargo Home Loans, Inc., 425 F.Supp.2d

599 (E.D.Pa 2006); *see generally,* Conklin v. Purcell, Krug and Haller, 2007 WL 404047 (M.D.Pa 2007) (not reported).

Tribeca is both liable as the foreclosing creditor, and servicer under the FDCPA and FDCEUA.

Defendant's Motion should be granted only as to Franklin per Plaintiff's concession regarding the FCEUA and FDCPA.

D. Fraud

The hallmark of effective counsel is precision of language. Defendants misapply Plaintiff's application of this simplistic fact pattern though yielding a myriad cause of action to contend Plaintiff lacking requisite specificity.

Simply, Tribeca "baited" Plaintiff with a debt consolidation refinance and then "switched" by foreclosing on Plaintiff who could not afford this loan along with the unpaid debt Defendants were to satisfy. In so doing, Defendants failed to give proper disclosure and use this debt now to advance their Sheriff's foreclosure sale both Defendants all the while seeking only personal gain at Plaintiff's detriment.

Nothing more need be illustrated, this concise set of facts starkly illuminating Plaintiff's cause of action for fraud.

As to alleged failure of specificity, Defendants' Motion should be denied.

E. Breach of Fiduciary Duty

Tribeca stands in a first-party relationship with Plaintiff to, as expressly promised, assist him via a lender offering a loan with terms most beneficial to Plaintiff. Franklin sits thereafter in a first-party relationship responsible to its obligor-Plaintiff to perform its

duties to Plaintiff under the loan.  *See*, <u>Destefano and Assoc., Inc v. Cohen,</u> 2002 WL 1472340, *3 (Pa.Com.PL) (<u>Com. Dept. of Transp v. E-Z Parts, Inc.</u>, 153 Pa.Cmmwlth. 258, 268, 620 A.2d 712, 717 (1993).

Both Defendants within their expertise thus outside of the complete understanding and knowledge of Plaintiff, rest in absolute positions of trust.  <u>Id</u>.

That trust was abused.

Defendants' breached their fiduciary duty to Plaintiff.

III.   Conclusion

Defendants confuse their roles referencing each other within their Motion as interchangeable when Plaintiff they are independent though jointly here liable.  Because of the confusion in which they present themselves, they misaddress the applicable law.

Otherwise, this Honorable Court cannot abstain as Plaintiff has nowhere else to go.  The pleaded statutes apply per Defendants' misconduct in brokerage, origination and servicing.  Succinct, Plaintiff's Complaint pleads fraud with requisite particularity. Defendants stand in different roles at different times; they are both fiduciaries to Plaintiff. Franklin is a servicer and foreclosing creditor in violation of both the FDCPA and FCEUA.  The underlying mortgage foreclosure acted *in rem* upon the mortgage in entering a default judgment expressly not on its merits, while this action moves *in personam* upon the note it never before having been litigated nor could it have been

under Pennsylvania's express prohibitions.

    WHEREFORE, Plaintiff requests this Honorable Court deny Defendants' Motion to Dismiss.

                                                PROCHNIAK WEISBERG, P.C.

                                        BY:  /s/ Matthew B. Weisberg
                                                   Matthew B. Weisberg
                                                   Attorney for Plaintiff

PDF Complete

Click Here & Upgrade
Expanded Features
Unlimited Pages



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert T. Wenglicki : | |
| 127 Deck Road : | |
| Womelsdorf, PA 19567 : | |
| : | |
|       Plaintiff : | |
|   vi. : | |
| : | |
| Tribeca Lending Corp. : | |
| 6 Harrison Street : | CIVIL ACTION NO.: 07-4522 |
| New York, NY 10013 : | |
| : | |
|       And : | |
| : | |
| Franklin Credit Management Corp. : | |
| 101 Hudson Street, 25th floor : | |
| Jersey City, NJ 07302 : | |
| : JURY OF TWELVE (12) JURORS DEMANDED | |
|       And : | |
| : | |
| Avaya, Inc. : | |
| 2711 Centerville Road Suite 400 : | |
| Wilmington, DE 19808 : | |

**CERTIFICATE OF SERVICE**

      I, Matthew B. Weisberg, hereby certify that on this 14th day of February, 2008, a true and correct copy of Plaintiff's Response to Defendant's Motion to Dismiss and Remand, was served electronically, upon the following parties:

Fisher & Phillips, LLP
Michael T. Kenny, Esq.
Kathleen Caminiti, Esq.
430 Mountain Avenue
Murray Hill, NJ 07974



Weltman, Weinberg & Reis Co, LPA
Michael J. Dougherty, Esq.
325 Chestnut Street
Suite 501
Philadelphia, PA 19106

Weltman, Weinberg & Reis Co, LPA
Jennifer Monty, Esq.
323 W. Lakeside Ave.
Suite 200
Cleveland, OH 44113

          PROCHNIAK WEISBERG, P.C.

          BY:  /s/ Matthew B. Weisberg
                Matthew B. Weisberg
                Attorney for Plaintiff