## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID:  85570
REBECCA M. STEIGER
ATTORNEY ID:  200875
7 SOUTH MORTON AVE.
MORTON, PA  19070
610-690-0801

| | |
|---|---|
| Robert T. Wenglicki | : |
| 127 Deck Road | : |
| Womelsdorf, PA 19567 | : |
| | : |
| Plaintiff | : |
| v. | : |
| : | |
| Tribeca  Lending Corp. | : |
| 6 Harrison Street | : CIVIL ACTION NO.:  07-4522 |
| New York, NY 10013 | : |
| | : |
| And | : |
| | : |
| Franklin Credit Management Corp. | : |
| 101 Hudson Street, 25th floor | : |
| Jersey City, NJ 07302 | : |
| | : JURY OF TWELVE (12) JURORS DEMANDED |
| And | : |
| | : |
| Avaya, Inc. | : |
| 2711 Centerville Road Suite 400 | : |
| Wilmington, DE 19808 | : |

## **FIRST AMENDED CIVIL ACTION COMPLAINT**

### I. Preliminary Statement

1. This is an action for an award of attorney's fees and costs, actual, statutory, treble and punitive damages, also seeking equitable and other relief, brought under state and federal law, for Defendants' "Predatory Lending," unfair and deceptive acts and practices ("UDAP") conspiracy and/or aiding and abetting same.2. Defendants unfairly and deceptively induced Plaintiff to execute loan documents to, *inter alia*, purchase employment, to Defendants' benefit and Plaintiff's detriment, which resulted in Plaintiff being subjected to monthly payments Plaintiff could not afford, ultimately resulting in the aforesaid mortgage foreclosure among other damages. Individually, jointly and/or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are currently known, upon information and/or belief, and/or will be proven in discovery.**Jurisdiction and Venue**

3. Jurisdiction in this Honorable Court is based on federal question and/or diversity conferred by 28 U.S.C. §1331and1332; supplemental jurisdiction over state law claims is granted by 28 USC §1367.4. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principle place of business, and/or does business here, and/or the property and/or

mortgage which is the subject of this action is situated within this district.**III. Parties**

5. Plaintiff, Robert Wenglicki ("Wenglicki"), is an adult individual, at all times material was residing at the above-captioned address (hereinafter "Premises") and is a citizen of the above Commonwealth.

6. Defendant, Tribeca Lending Corp. ("Tribeca"), is a corporation under and by virtue of the laws of the State of New York, maintaining a principal place of business atthe above captioned address, at all times material acting as Plaintiff's mortgage Broker and original lender. 7. Defendant, Franklin Credit Management Corp. ("Franklin"), is a corporation under and by virtue of the laws of the State of New Jersey, maintaining a principal place of business at the above captioned address, at all times material acting as Plaintiff's lender and/or servicer. 8. Defendant, Avaya, Inc. ("Avaya"), is a corporation under and by virtue of the laws of the State of Delaware, maintaining a principal place of business at the above captioned address, at all times material acting as Plaintiff's employer. 9. At all times material, Defendants were acting individually and/or through their agents, servants, work-persons, and/or employees, respectively, authorized and acting individually and/or within the scope of their authority and course of employment.

10. At all times material, defendants acted individually and/or on behalf of each other as agents, servants, work-persons, alter ego's, and/or employees thereof.11. Defendants are liable to Plaintiff, directly, indirectly, contractually, expressly, implicitly, as a matter of law and/or vicariously.

## IV. Statement of Claims

12. At all times material, Plaintiff was a borrower and/or mortgagor allegedly subject and/or party to a mortgage and note ("loan documents") dated October 29, 2005 ("loan closing"). (Loan documents in the possession of Defendants).13. Effective on or about May 1, 2005, Plaintiff was terminated by Defendant, Avaya.14. As part of Plaintiff's severance package, Plaintiff took a lump sum payment of approximately $50,000.15. As an additional benefit of Plaintiff's seniority, Plaintiff was granted three years for "recall rights".16. As part of the recall rights, Plaintiff had the right of first refusal for new positions as they became available.17. In or around October 2005, Defendant, Avaya, offered Plaintiff a new job contingent on said Defendant being repaid Plaintiff's otherwise remaining severance benefits, approximately $18,400.18. The new position that Defendant, Avaya, offered Plaintiff paid significantly less then his previous position.  19. The position that Plaintiff was offered required two (2) months of training in Florida.20. Plaintiff was offered this job on a take it or leave it basis.21. Had Plaintiff declined this offer, Plaintiff would have forfeited the remaining time on his recall rights.22. Further, had Plaintiff not repaid the severance back prior to starting, Plaintiff would not have been permitted to begin the job and that would have been deemed by Avaya a rejection – also losing Plaintiff his recall rights at a time of his being unemployed having been terminated by Avaya.23. Desperate for the job and in need of the repayment amount, Plaintiff sought a mortgage refinance through Defendant, Tribeca.24. For the refinance, Plaintiff dealt with a Tribeca employee

believed to be named Ike Stevens ("Stevens") (non-party).25.   Thereafter, Tribeca, through Stevens represented to Plaintiff that Defendants would consolidate and/or payoff Plaintiff's then existing mortgages and debt with this refinance.26.    Plaintiff specifically stated that the refinance was to pay off his second mortgage, overdue taxes, car payment, and, its primary purpose, provide "cash back" to cover the repayment to Avaya.27.   Stevens responded to Plaintiff that Tribeca did a title search on the premises and that a second mortgage, in fact, did not exist.28.         Plaintiff responded by supplying Stevens with evidence of the second mortgage, including a pay-off statement, then believing by Stevens' non-response to have definitely required Defendants to include that mortgage in the debt consolidation refinance.29.        In fact,  Defendants, through Stevens, represented to Plaintiff that Plaintiff would improve his financial situation with this loan. 30.    On or about October 29, 2005, in detrimental reliance upon the above misrepresentations or intentional omissions, Plaintiff executed the loan documents at the closing. 31.    Thereafter loan closing, Plaintiff discovered, for the first time, that Defendants failed to consolidate and/or payoff Plaintiff's second mortgage, his taxes and car payment, despite representations otherwise. 32.    Now strapped with a refinance loan which eliminated Plaintiff's premises' equity but did not pay off his debt while requiring heightened monthly payment, Plaintiff used the cash from that loan to buy back into Avaya's employ only to eventually learn that Avaya had intentionally created an impossible financial situation due to its financial needs so to recoup Plaintiff's severance

under the guise of employing Plaintiff all the while at his expense and Avaya's sole benefit.

33.     After Plaintiff's initial two (2) month training in Florida, Plaintiff was required to relocate to Tennessee for approximately three (3) months during which time Plaintiff's co-workers, but not Plaintiff, received approximately $15,000 towards relocation expenses.

34.     When Defendant, Avaya, advised that Plaintiff was required to stay in Tennessee for approximately ten (10) months and not the three (3) months initially promised Plaintiff, Plaintiff requested relocation assistance and reimbursement for his expenses as he, as was all the while known to Avaya, could not afford to maintain his new mortgage on his premises as well as his to be temporary residence in Tennessee.

35.     Avaya denied Plaintiff's requests instead claiming Plaintiff not entitled to relocation expenses Avaya, for the first time, deeming Plaintiff a "new hire".

36.     Instead of relocation expenses, Avaya advised Plaintiff to apply for a "hardship" transfer back home, which, after Plaintiff applied, Avaya rejected advising Plaintiff to instead file bankruptcy.

37.     Secondary to all Defendants' joint and several misconduct aforesaid, in or around April 2006, Defendant, Franklin, the then assignee and/or servicer improperly instituted an Action in Mortgage Foreclosure arising from Plaintiff's alleged default out of the subject loan documents.

38.     As a result of the foreclosure and as directed by Avaya, Plaintiff filed bankruptcy. Bankr.E.D.Pa. 08-20480.

39.     The bankruptcy stay protected Plaintiff for a short while, but ultimately his vehicle was repossessed, his home sold at Sheriff's sale, he was ejected from his home, and he was made temporarily homeless.

40.     At all times material, Defendants acted deceptively, carelessly, recklessly, intentionally and/or knowingly, with reckless disregard for the rights and otherwise vulnerable position of Plaintiff, to Plaintiff's detriment and injury and Defendants' enrichment.

41.     The foregoing resulted in the aforesaid mortgage foreclosure, as well as injuries including, but not limited to:  (1) emotional distress; (2) damage to credit rating; (3) financial loss(es), including lost opportunity(ies) and wage loss; (4) annoyance, inconvenience, and embarrassment; and (5) such other and futher injuries as will be determined in discovery and/or at trial, including aggravation of a pre-existing condition(s).

   V.     **Causes of Action**

42.     Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

43.     Plaintiff is a natural person provided with the right to defer payment of debts or to incur payment of debt and defer payment, and the credit offered or extended was primarily for personal, family or household purposes.

44. As a matter of law, Plaintiff and Defendants are "persons."

45. This loan was a federally related mortgage loan, made by a federally-insured depository lender, is HUD-related, and was intended to be sold on the secondary market or to creditors who make or invest more than one million dollars a year in residentially secured loans.

46. At all times material, Defendants misrepresented and omitted material facts to Plaintiff, including the aforesaid (incorporated herein by reference) and as more further described as following but not limited to: (a) that the loan was beneficial to Plaintiff, when it was not; (b) that their fees and costs were usual and customary, when they were not; (c) that their fees and costs were a part of the finance charge and amount financed, when they were not; (d) that the loan continued characteristics which it did not; and (d) that certain amounts were due and owing, when they were not.

**A. Federal**

### COUNT I
**Truth-in-Lending Act ("TILA")/Home Ownership and Equity Protection Act ("HOEPA")**
*Plaintiff v. Tribeca and Franklin*

47. At all times material, Defendants, in the ordinary course of business, extended and arranged for the extension of consumer credit or offered to extend or arrange for the extension of such credit.

48. The Loan was a residential mortgage loan subject to Plaintiff's right of rescission, or statutory and actual damages described by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

49. In said loan transaction, Plaintiff did not receive the disclosures required by the Truth-In-Lending Act ("TILA"), 15 U.S.C. §1601, et. seq., and Regulation Z of the Federal Reserve

Board ("Regulation Z"), 12 C.F.R §226.1 et seq., including, but not limited to, notice pursuant to the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. §1639(a) ("HOEPA").

50.     Defendants failed to deliver all "material" disclosures required by TILA and Regulation Z, including but not limited to:

> (a) Failing to properly and accurately disclose the "amount financed," described in and in violation of Regulation Z §226.18(b) and 15 U.S.C. §1638(a)(2)(A);
>
> (b) Failing to clearly and accurately disclose the "finance charge," described in and in violation of Regulation Z §226.4 and 15 U.S.C. §1638(a)(3);
>
> (c) Failing to clearly and accurately disclose the "annual percentage rate," described in and in violation of Regular Z §226.18(e) and 15 U.S.C. §1638(a)(4);
>
> (d) Failing to comply with the special disclosure requirements of Regulation Z §226.32; and/or
>
> (e) Failing to timely provide each Plaintiff with two (2) copies of a Notice of his/her Rights to Rescind the Transaction and one (1) copy each of the form Disclosure pursuant to TILA and HOEPA.

51.     Due to the violations of TILA and Regulation Z, Plaintiff has an ongoing right to rescind the transaction, or right to statutory and actual damages.

52.     If rescindable as a matter of law, Plaintiff either has previously rescinded the loan greater than twenty days prior to the filing of this complaint and Defendants have taken no action to rescind the loan in contravention of their responsibilities under TILA, or, to the extent this Honorable Court may find that Plaintiff has not already rescinded the loan, Plaintiff does hereby

exercise his right to rescind same and this Complaint shall hereby constitute Plaintiff's Notice of Rescission pursuant to TILA, 15 U.S.C. §1601, et seq.

53.  The Loan was a high rate mortgage within the meaning of 15 U.S.C. §1602(aa)(1)(B), in that the total points and fees Defendants charged Plaintiff, in addition to interest, exceeded eight percent of the total loan amount or in that the APR trigger pursuant to HOEPA was met with respect to this transaction.

54.  Because the transaction met the statutory definition of a high rate mortgage, it was subject to the additional disclosure requirements imposed by the TILA amendments contained in HOEPA, 15 U.S.C. §1639(a), et seq.

55.  Defendants' failure to provide Plaintiff with an accurate and timely HOEPA disclosure(s), as required by law, constitutes a "material" disclosure violation(s), TILA, 15 U.S.C. §1602(u) (as amended), Regulation Z §226.23 (as amended).

56.  Defendant, Franklin, is liable for its pre-assignment actual knowledge of these violations, as well as these violations as arising from facially defective disclosures.

## COUNT II
### Real Estate Settlement Procedures Act ("RESPA")
*Plaintiff v. Tribeca and Franklin*

57.  Plaintiff's loan was a federally related consumer mortgage loan as defined by RESPA, 12 U.S.C. §2602, et seq., which Defendants are in violation thereof at all times material, including but not limited to the pre-paid finance charges paid by Plaintiff is believed neither properly disclosed nor *bona fide* and *reasonable* under TILA/HOEPA, thus "fee splitting," a violations(s) herein.

58. To the extent a request has not been previously made by Plaintiff, Plaintiff here serves this complaint as a Qualified Written Request ("QWR") for a full accounting requiring specific itemization and enumeration of all charges as well as the dates thereof alleged cumulatively now owed by Plaintiff under the loan and to correct those charges and that amount consistent with the above defect.  The failure to timely acknowledge this QWR or a prior QWR, provide the requested accounting, and correct the defects here alleged constitutes an additional RESPA violation(s).  12 U.S.C. §2605.

## COUNT III
### Equal Credit Opportunity Act ("ECOA")
*Plaintiff v. Tribeca and Franklin*

59. At all times material, Defendants were in violation of ECOA, 15 U.S.C. §1694(e), et seq., including but not limited to Defendants' failure to properly notify Plaintiff of their counter-offer or reasons for denying their credit application(s) prior to the loan closing.

## COUNT IV Credit Services Act ("CSA") *Plaintiff v. Tribeca*

60. Defendant, Tribeca, is a Credit Services Organization and Loan Broker as defined under the CSA, 73 P.S. §2182, et seq. 61.    Defendant has violated the CSA for:

> (a) Making or counseling or advising plaintiff to make statements which are untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, to a consumer credit reporting agency or to any person who has extended credit to a buyer or to whom a buyer is applying for an extension of credit with respect to a Plaintiff's creditworthiness, credit standing or credit capacity;

> (b) Making or using any untrue or misleading representations in the offer or sale of the services of a credit services organization or engage directly or indirectly in any act, practice or course of business which operates or would operate as a fraud or deception upon any person in connection with the offer or sale of the services of a credit services organization;

     (c) Making or using an advertisement which guarantees that the buyer will obtain credit;(d) Failing to timely provide a full, accurate and complete Information Sheet, as defined, to Plaintiff;(e) Failing to timely provide a full, accurate and complete Contract, as defined, to Plaintiffs; or(f) Making or using any false or misleading representations or omit any material fact in the offer or sale of the services of a loan broker or engage directly or indirectly in any act that operates or would operate as fraud or deception upon Plaintiff in connection with the offer or sale of services of a loan broker, notwithstanding the absence of reliance by the Plaintiff.

**COUNT V** **Fraud** *Plaintiff v. Avaya*

62. Defendants misrepresented and/or omitted material facts to Plaintiff, including the aforesaid (incorporated herein by reference) and as more further described as following but not limited to:  (a) that the re-employment was beneficial to Plaintiff, when it was not; (b) that Plaintiff would be hired with his previous seniority, when he was not; and (c) that his re-employ would be to his financial benefit, which it was not.

63. The aforesaid misrepresentations and/or omissions were made in an attempt to procure monetary consideration from the Plaintiff, and/or otherwise from Plaintiff's re-employment.

64.  As the intended result of the aforesaid fraud, Plaintiff reasonably relied upon said misrepresentations and/or omissions to his detriment.

### COUNT VI
### Breach of Contract/Warranty
*Plaintiff v. Avaya*

65. At all times material, Plaintiff and Defendant were parties to an express contract(s) and/or contract(s) and/or warranties implied at law, which includes but is not limited to Defendant as third-party beneficiaries, which Defendant is in breach thereof.

## COUNT VII
**Violations Of Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA")**　*Plaintiff v. Tribeca and Franklin*

66. Defendant sent communications or communicated with Plaintiff in an attempt to collect a debt as defined by 73 Pa.C.S. §2270.3, in violation of the Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. C.S. §2270.1 et seq., and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. 201-1, et seq.

67. Defendant is a "debt collector" or "creditor" pursuant to 73 Pa.C.S. §2270.3.

68. Violations of the FCEUA are a per se violation of the UTPCPL.

69. Violations of the FDCPA are a per se violation of the FCEUA.

70. The aforesaid actions of Defendant constitute unfair methods of competition and unfair or deceptive acts and practices within the meaning of the FCEUA and UTPCPL, and by and through the following actions, *inter alia*:

   a. Using unfair and unconscionable collection methods;

   b. Giving a false impression of the character, amount or legal status of the alleged debt;

   c. Using false and deceptive collection methods;

   d. Making threats and taking illegal action; and

   e. Otherwise using false, deceptive, misleading, and unfair and unconscionable means to collect or attempt to collect a debt.

## COUNT VII
**Unfair Trade Practices And Consumer Protection Law ("UTPCPL")**
*Plaintiff v. Tribeca and Franklin*

71. The UTPCPL, 73 P.S. §201-1, et seq., proscribes, *inter alia*, engaging in any "unfair or deceptive acts and practices" either at, prior to, or subsequent to a consumer transaction.

72. The actions of Defendants constitute unfair or deceptive acts and practices under UTPCPL, additionally including, but not limited to the following, *inter alia*:

> a. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of services, §201-2(4)(ii);
>
> b. Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another, §201-2(4)(iii);
>
> c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have, §201-2(4)(v);
>
> d. Advertising goods or services with intent not to sell them as advertised, §201-2(4)(ix);
>
> e. Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made, §201-2(4)(xiv);
>
> f. Defendants misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1; 37 Pa. Code §303.3(3);
>
> g. Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);
>
> h. Defendants imposed credit costs expressly prohibited by Federal and Pennsylvania law, and failed to comply with TILA, HOEPA, RESPA, ECOA, FDCPA, CSA, Usury, RICO (state and federal), UCC Articles 3 & 9, Rules and Regulations promulgated by the FTC, and the FCEUA, which are per se violations of the UTPCPL;

      i. Defendants misrepresented to Plaintiff that the loan would be beneficial when in fact it was not; and Defendants knew it was not, 79 P.S. §202-1(v);

      j. Defendants misrepresented the characteristics or benefits of the loan; or

      k. Failing to provide a contract in the form required specifically including a lawful and accurate notice of right to cancel, §201-7.

### COUNT VIII
**Negligence**
*Plaintiff v. Avaya*

73. At all times material, Defendant acted negligently, carelessly, and/or recklessly for the reasons aforesaid (incorporated by reference).

### COUNT IX
**Breach of Covenant of Good Faith and Fair Dealing**
*Plaintiff v. Avaya*

74. At all times material, Defendant breached the covenant of good faith and fair dealing for the reasons aforesaid (incorporated by reference).

### COUNT X
**Conspiracy and Aiding and Abetting**
*Plaintiff v. Tribeca and Franklin*

75. At all times material, Defendants acted conspiratorially, in their design in concert, and/or aiding and abetting each other to perpetrate the harms and/or misconduct aforesaid (incorporated by reference).

    **VI.**    **Prayer for Relief**

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

   a. Rescission of the loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;
   b. Termination of any security interest in Plaintiff's property which may have been created under the loan;
   c. Return of any money or property given by Plaintiff to anyone, including Defendants, in connection with the transaction;
   d. Statutory damages;
   e. Forfeiture and return of loan proceeds;
   f. Damages, including;
      i. Actual damages;
      ii. Treble damages;
      iii. Attorneys fees and expenses, and costs of suit; and
      iv. Punitive Damages.
   g. Wage loss and employment benefits, including front and back pay and other fringe benefits.

PROCHNIAK WEISBERG, P.C.


/s/ Matthew B. Weisberg, Esquire

MATTHEW B. WEISBERG, ESQUIRE

REBECCA M. STEIGER, ESQUIRE

Attorneys for Plaintiff

Case 2:07-cv-04522-LS   Document 37   Filed 12/04/08   Page 18 of 18