## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert T. Wenglicki : | |
| 127 Deck Road : | |
| Womelsdorf, PA 19567 : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | |
| Tribeca Lending Corp. : | |
| 6 Harrison Street : | CIVIL ACTION NO.: 07-4522 |
| New York, NY 10013 : | |
| : | |
| And : | |
| : | |
| Franklin Credit Management Corp. : | |
| 101 Hudson Street, 25th floor : | |
| Jersey City, NJ 07302 : | |
| : JURY OF TWELVE (12) JURORS DEMANDED | |
| And : | |
| : | |
| Avaya, Inc. : | |
| 2711 Centerville Road Suite 400 : | |
| Wilmington, DE 19808 : | |
| : | |
| Defendants. : | |

## ORDER

AND NOW this _____ day of _____, 2008, upon consideration of Defendants' Motions to Dismiss (Docket Nos. 39 & 40) and Plaintiffs' Omnibus Response thereto, it is hereby ORDERED and DECREED that Defendants' Motions are DENIED.

**AND IT IS SO ORDERED**.

_____
Lawrence F. Stengel, J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert T. Wenglicki | : | |
| 127 Deck Road | : | |
| Womelsdorf, PA 19567 | : | |
| | : | |
| Plaintiff, | : | |
| v. | | |
| | : | |
| Tribeca Lending Corp. | : | |
| 6 Harrison Street | : | CIVIL ACTION NO.: 07-4522 |
| New York, NY 10013 | : | |
| | : | |
| And | : | |
| | : | |
| Franklin Credit Management Corp. | : | |
| 101 Hudson Street, 25th floor | : | |
| Jersey City, NJ 07302 | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| And | : | |
| | : | |
| Avaya, Inc. | : | |
| 2711 Centerville Road Suite 400 | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| Defendants. | : | |

## **PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

Incorporating by reference his attached Memorandum of Law, Plaintiffs request this Honorable Court deny Defendants' Motions to Dismiss (Docket Nos. 38 & 39).

WHEREFORE, Plaintiffs request this Honorable Court deny Defendants' Motions to Dismiss.

PROCHNIAK WEISBERG, P.C.

BY: /s/ Matthew B. Weisberg
    Matthew B. Weisberg
    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert T. Wenglicki : | |
| 127 Deck Road : | |
| Womelsdorf, PA 19567 : | |
| : | |
|      Plaintiff, : | |
|   v. | |
| : | |
| Tribeca Lending Corp. : | |
| 6 Harrison Street : | CIVIL ACTION NO.: 07-4522 |
| New York, NY 10013 : | |
| : | |
|   And : | |
| : | |
| Franklin Credit Management Corp. : | |
| 101 Hudson Street, 25th floor : | |
| Jersey City, NJ 07302 : | |
| : JURY OF TWELVE (12) JURORS DEMANDED | |
|   And : | |
| : | |
| Avaya, Inc. : | |
| 2711 Centerville Road Suite 400 : | |
| Wilmington, DE 19808 : | |
| : | |
|      Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

**I.   INTRODUCTION**

     While distinct, Defendants' misconduct conjoined to cause Plaintiff his ultimate damage, the loss of his home.  While likewise distinct, Defendants' Motions to Dismiss contain inter-connected arguments vis-à-vis the Amended Complaint's specificity more efficiently addressed via this omnibus response.  To the extent divergent, Plaintiff will likewise address.

On December 4, 2008, Plaintiff, Robert Wenglicki ("Wenglicki") filed his Amended Complaint (Docket No. 37) to which Defendants, Avaya, Inc. ("Avaya" or "Employer"), and Tribeca Lending Corp. ("Tribeca") and Franklin Credit Management Corp. ("Franklin") (collectively "Lender Defendants"), filed their Motions to Dismiss (Nos. 38 & 39, respectively).

## II.  OPERATIVE FACTS

On May 1, 2005, Wenglicki was terminated by his employer, Avaya.  As part of Wenglicki's severance package, Avaya offered and Wenglicki accepted a lump sum payment of approximately $50,000.00.

Because of Wenglicki's seniority, Avaya granted him "recall rights" lasting three (3) years.  Wenglicki's recall rights enabled him the right of first refusal for new positions within Avaya as they became available.

In October 2005, Avaya offered the ability to exercise his recall by accepting a lower paying position with Avaya.  For the first time, Avaya imposed a condition of recall which was Wenglicki repaying Avaya the then balance of his severance, approximately $18,400.00.  In offering Wenglicki a new position, Avaya, also for the first time, created essentially a "Catch 22": (1) if Wenglicki declined this offer, he was advised he would have forfeited the balance of time vis-à-vis his recall rights; and (2) if Wenglicki did not repay the balance of his severance prior to accepting the new position, Avaya would have deemed that refusal likewise a rejection by Wenglicki also causing Wenglicki to forfeit his remaining recall rights.  This position was offered on a "take it or leave it" basis.

Unemployed, Wenglicki accepted Avaya's offer which required two (2) months' training out-of-state in Florida.

Primarily to cover the employment "buy in" (severance reimbursement), Wenglicki sought a mortgage refinance which the refinance was not only to provide "cash back" at least equal to the buy in but was also to be a debt consolidation loan (namely, paying off Wenglicki's second mortgage, overdue car loan, etc., which debts accrued as a result of his unemployment). Wenglicki primarily dealt with a Tribeca employee named Ike Stevens ("Stevens") (non-party).

During Tribeca's processing of Wenglicki's refinance, Stevens advised Wenglicki that Tribeca's title search failed to reveal a second mortgage on Wenglicki's home. Stevens advised that the second mortgage did not exist. In response, Wenglicki provided Stevens with evidence of his second mortgage including a pay-off statement. Stevens led Wenglicki to believe that Tribeca's title search error had been corrected by Wenglicki's proof of the second mortgage.

At all times, Tribeca through Stevens stated that this refinance loan would indeed have bettered Wenglicki's economic position especially as to the debts (second mortgage, car loan, buy-in, taxes, etc.) which formed the impetus for the refinance.

On October 29, 2005, the refinance closed. Thereafter closing, Plaintiff discovered, for the first time, that the refinance loan did not consolidate/pay off, *inter alia*, Wenglicki's, second mortgage, taxes and car payment. The refinance did, fortunately, provide Wenglicki the ability to buy-in to Avaya's re-employment.

Unfortunately, Wenglicki discovered that re-employment was merely a facade for Avaya to generate cash flow at a time of its own financial distress by recouping Wenglicki's severance package via the buy-in amount.

After the promised two (2) month training program in Florida, Avaya required Wenglicki to relocate to Tennessee for an additional three (3) months. The prospect of this relocation was never before revealed to Wenglicki. On top of having to pay a now heightened mortgage on his Pennsylvania home during an unanticipated (protracted) training program in two (2) different states, Avaya forced Wenglicki to pay his attendant work expenses by withholding approximately $15,000.00 allocated towards same (as was otherwise provided to Wenglicki's co-workers).

Then, Avaya increased Wenglicki's Tennessee stay from three (3) to ten (10) months still refusing to provide reimbursement for attendant costs.

Unable to afford financing two (2) homes (his permanent as well as his Avaya work residences), Wenglicki pleaded for Avaya's financial assistance. Avaya denied Wenglicki's request claiming Wenglicki, unlike his co-workers, a "new hire" and not entitled to assistance. Instead, Avaya directed Wenglicki apply for a "hardship" transfer back home, which, after Wenglicki applied, Avaya rejected advising Wenglicki to file bankruptcy.

An assignee/servicer, Franklin commenced foreclosure in April 2006 on Wenglicki's home. As a result and as directed by Avaya, Wenglicki filed bankruptcy. Ultimately, Wenglicki's vehicle was repossessed, his home was sold at Sheriff's

foreclosure Sale ("Sale"), he was ejected (evicted) from his home, and he was made temporarily homeless.

### III. ARGUMENT

#### A. Standard

When deciding a Motion to Dismiss under F.R.C.P. 12(b)(6), the Court is "required to accept as true all the facts pleaded in the Complaint and to draw all inferences in favor of the Plaintiff." Independent Enterprises, Inc. v. Pittsburgh Water & Sewer Authority, 103 F.3d 1165, 1168 (3d. Cir. 1997). The question at the Motion to Dismiss stage is whether "the facts alleged in the Complaint, even if true, fail to support the… claim…" Ransom v. Marrazzo, 848 F.2d 398, 401 (3d. Cir. 1988).

In ruling on the Motion, the Court may consider the pleadings, "matters of public record, exhibits attached to the Complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384, n. 3 (3d. Cir. 1994).

In Twombly, the United States Supreme Court discussed the Conley standard in adjudicating a Motion to Dismiss. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007); Conley v. Gibson, 78 S.Ct. 99 (1957). Previously, Conley identified the standard: "a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, supra. A complex antitrust lawsuit arising from state law, Twombly reconciled but *did not overrule* Conley instead holding that the standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will provide evidence"

that the facts set forth in the Complaint will enable Plaintiff a right to relief. Twombly, supra.

**After** Twombly, the United States Supreme Court applied the Conley standard in vacating the Trial Court's dismissal of a Civil Rights Complaint by a prisoner-plaintiff who averred having suffered harm as a result of the defendant-prison's discontinuance of hepatitis C treatment. Erickson v. Pardus, 147 S.Ct. 2197 (2007).

In reconciling Twombly and Erickson with Conley, the Third Circuit held that Twombly has *not* altered the pleading standard. Phillips v. County of Allegheny, 515 F.3d 224 (3d. Cir. 2008). The Third Circuit has clearly held that Twombly does ***not*** require "detailed factual allegations," but "only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the Defendant a fair notice of what the claim is and the grounds upon which it rests." Phillips, supra. Phillips recognized that the "plausibility" analysis of Twombly is contextual: the more complicated a cause of action (such as antitrust, as in Twombly) the more a Plaintiff must "show" in terms of facts to "nudge" a claim "across the lines from conceivable to plausible". Phillips, supra.; Twombly, supra. On the contrary, simplistic even federal causes of action such as Section 1983 (civil rights) or garden variety negligence applies the Conley "no set of facts" analysis.

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001). Thus, courts should not dismiss a

complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

In our case, Plaintiff alleges violations of federal strict liability lending statutes (self-descriptive on their face of the complaint especially when reading these specialized statutes), state statutory and common law causes of action including negligence. Plaintiff claims fraud to be analyzed under F.R.C.P. 9 as well as violation(s) of the Unfair Trade Practices and Consumer Protection Law to be analyzed under F.R.C.P. 8. Flores v. Shapiro & Kreisman, 236 F. Supp.2d 427 (E.D.Pa. 2002).

Under any standard (Twombly has mischaracterized by movant without reference to Erickson or Phillips reconciliations), Plaintiff's Complaint is simple, factually set forth, and, as is self-evident in this climate, plausible. It is not a complex lawsuit for antitrust violations as in Twombly but more akin to the garden variety negligence and civil rights discussed in Phillips and Erickson.

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendant's Motion should be denied. In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.

### B. Lender Defendants

On October 29, 2005, Wenglicki closed on the refinance loan. Wenglicki filed his original Complaint on October 29, 2007 (No.1), two (2) years later. On December 4, 2008, Wenglicki filed his Amended Complaint (No. 37).

In the Amended Complaint, Tribeca is averred the originating lender and loan servicer. Franklin is averred the loan assignee and servicer foreclosing on Wenglicki.

#### 1. *Statute of Limitations*

The Truth-In-Lending Act[1] ("TILA") allows three (3) remedies: (1) statutory and actual damages – one (1) year statute of limitations; (2) rescission – three (3) year limitation; and (3) recoupment (set-off) – no statute of limitations in response to a collection action. Plaintiff commenced his action within two (2) years following foreclosure.

Notwithstanding any equitable tolling necessarily attendant to alleging concealment, Wenglicki's claims under TILA are not time barred. Alternatively, to the extent this Honorable Court holds any or all of TILA's remedies barred by the expiration of limitations, Wenglicki claims the violation to enable then not TILA remedies (as a stand-alone TILA action) but instead Unfair Trade Practices and Consumer Protection

---

[1] The Home Ownership Equity Protection Act ("HOEPA") is a sub-chapter of TILA (i.e., what an apple core is to an apple, HOEPA is to TILA; TILA can exist without HOEPA but HOEPA cannot exist without TILA).

Law ("UTPCPL" or "CPL") remedies as a violation thereof.  A TILA violation will warrant not only TILA remedies but will also be deemed a CPL violation warranting CPL remedies.  In re Fisher, 320 B.R. 52 (E.D.Pa. 2005) (citing Com. V. Monumental Properties, Inc., 459 Pa. 450, 329 A.2d 812, 816 (1974)); Gabriel v. O'Hara, 368 Pa.Super. 383, 534 A.2d 488 (1987).

A three (3) year limitations period commencing, at the earliest, at closing, Wenglicki's claim for TILA made within two (2) years is *per se* within the statute of limitations.  TILA's rescission claim should not be dismissed.  As to Wenglicki's claim for TILA's statutory penalty and damages, Wenglicki admits that claim, without more, may ordinarily be barred by the one (1) year statute of limitations.  However, Wenglicki makes this claim in response to the foreclosure as a claim in recoupment.

Contrary to lender defendants' contention that the TILA statute of limitations being jurisdictional at one (1) year commencing at closing, the Third Circuit Court of Appeals held that *no statute of limitations* applies to a borrower asserting a TILA violation in response to a foreclosure.  In Re Community Bank of Northern Virginia, 418 F.3d 277, 305 (C.A.3 (Pa.) 2005).  Even without Community Bank, supra., the Third Circuit previously clearly held that TILA's statute of limitations is not jurisdictional.  Ramadan v. Chase Manhattan Corp., 156 F.3d 499 (C.A.3 (N.J.) 1998).  Wenglicki's penalty and damages claim may be raised in recoupment without regard to the otherwise applicable statute of limitations.  Harvey v. EMC Mortgage Corp. (In re Harvey), 2003 Bankr. LEXIS 642 (Bankr.E.D.Pa.); In re Wentz, 2008 Bankr. LEXIS 2528 (citing Bull

v. U.S., 295 U.S. 247, 262 (1935) (recoupment claims are not subject to a statute of limitations); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 415 (1998).

Just as TILA's claim for rescission is *per se* not barred by the three (3) year rescission statute of limitations, TILA's remedy of statutory penalty and damages is not barred as asserted in recoupment in response to Franklin's foreclosure.

> 2.  *Fair Credit Extension Uniformity Act ("FCEUA")*

Without more, Lender Defendants merely state that Wenglicki's claim under the FECUA is barred by the statute of limitations. Lender Defendants also likewise allege Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA") is likewise barred.

Wenglicki's Amended Complaint does not aver a stand-alone[2] cause of action under the FDCPA. Inadvertently included despite prior withdrawal, Wenglicki again concedes withdrawal under the FCEUA.

> 3.  *Equal Credit Opportunity Act ("ECOA")*

Without citing any specific authority and thus waiving, Lender Defendants contend the ECOA's two (2) year statute of limitations has run as the notice of "adverse action" *should* have been received prior to closing. Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc., 131 F.3d 874, 880 & n. 9 (10th Cir. 1997) (holding that party who noted issue and made "several broad, conclusory statements" waived argument for failure to develop); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1287, n. 16 (5th Cir. 1994) ("They

---

[2] Gabriel, supra.

cite no authority for th[eir] theory, and we will not root about in the case law seeking support for it").

Inappropriate at this stage, movants' defense requires this Honorable Court find facts not pleaded but expressly presumed by movants - the contra-standard. Notwithstanding the motion's prematurity as to ECOA's statute of limitations, the Amended Complaint states of Wenglicki: (1) applied for a debt consolidation and pay-off refinance; and (2) discovering *post-closing* his non-receipt (i.e., adverse action) of that applied for refinance. To contend the limitations commencing pre-closing as Movants do is to absurdly then enable Wenglicki to have filed a cause of action under for receiving changed mortgage terms ECOA, pre-injury, prior to receiving the mortgage or his being able to determine those terms were changed. Archer v. Nissan Motor Acceptance Corp., 2007 U.S.Dist. LEXIS 65570 (S.D.Miss. 2007) (date of closing commencing limitations period); Estate of Henderson v. Meritage Mortg. Corp., 293 F.Supp.2d 830 (N.D.Ill. 2003) (date of loan consummation commencing limitations); Miller v. Countrywide Bank, N.A., 571 F.Supp.2d 251 (D.Mass. 2008) (*Lender* contending date of closing commencing limitations period).

"If a time-bar is not clear based on the face of the complaint, then the motion to dismiss should be denied and the issue should be decided at a later stage of the litigation." Wise v. Mortgage Lenders Network USA, Inc., 420 F.Supp.2d 389 (citing Ballard v. Nat'l City Mortgage Co., 2005 U.S.Dist. LEXIS 1834, 2005 WL 147075, *1 (E.D.Pa. Jan. 21, 2005) (TILA, HOEPA, and ECOA) (also applying equitable tolling to ECOA)).

Lender Defendants, without stating a date of commencement, require this Court reject the Amended Complaint's pleadings in favor of an incorrect adverse factual presumption that should be subject to discovery – whether Wenglicki should have been on notice of the adverse action prior to closing. While tautologically (i.e., being on notice of that which was concealed) impossible, even to entertain this limitations ECOA defense is to require discovery.

Alternatively, Wenglicki asserts ECOA in recoupment. Silverman v. Eastrich Multiple Investor Fund, L.P., 51 F.3d 28 (C.A.3 1995).

Lender Defendants' motion as to the ECOA should be denied.

    4.    UTPCPL

To the extent this Honorable Court holds the statute of limitations a bar to any or all causes of action, those causes of action then should only be eliminated as stand-alone causes of action with express remedies but not as separate violations of the CPL.

A violation of the CPL is deemed to have occurred where there is a loss related to fraudulent ("unfair") conduct or that there is a representation or a course of conduct that had a tendency to confuse ("deceptive") and likely effected the decision to enter into the mortgage transaction. In re Fisher, supra. (citing Fay v. Erie Ins. Group, 733 A.2d 712, 714 (Pa.Super 1999); Christopher v. First Mut. Corp., 2006 U.S.Dist. LEXIS 2255 (E.D.Pa. 2006). TILA and ECOA violations, even if barred by the statute of limitations for their distinct stand-alone remedies, should be allowed as CPL violations as then only invoking CPL remedies. Gabriel, supra.

    5.    LENDER DEFENDANTS – RESPA

Wenglicki's Amended Complaint contends two (2) different RESPA violations and request for a RESPA accounting vis-à-vis QWR. Tribeca and Franklin are both averred lenders and servicers. RESPA applies to lenders <u>and</u> servicers. *See generally*, RESPA; <u>Morilus v. Countrywide Home Loans, Inc.</u>, 2008 U.S. Dist. LEXIS 103556 (E.D.Pa 2008) (citing 12 U.S.C. § 2605(e)(2)); <u>Santiago v. GMAC Mortg. Group, Inc.</u>, 417 F.3d 384 (C.A.3 2005).

Wenglicki's original Complaint (Count III, ¶ 32) makes a QWR which Lender Defendants have not yet responded in violation of RESPA. Alternatively, Wenglicki with his Amended Complaint again requests a RESPA accounting (again) making a QWR, which, again, is not timely responded.

As to QWR, Lender Defendants' Motion to Dismiss should be denied as properly requesting an accounting under RESPA and as RESPA vis-à-vis QWR has twice (2) been violated.

As to fee splitting/kickbacks, using the exact[3] language of TILA[4], Wenglicki claims the settlement charges neither *bona fide* (actually incurred) nor *reasonable* (customary) as constituting fee splitting. <u>Szczubelek v. Cendant Mortgage Corp.</u>, 215 F.R.D. 107 (D.N.J. 2003) (citing 12 U.S.C.2607(b); <u>U.S. v. Gannon</u>, 684 F.2d 433 (C.A.7 1980), *cert. den'd.*)); <u>Santiago</u>, supra.

      6.      CREDIT SERVICES ACT ("CSA")

---

[3] <u>Jefferies v. Ameriquest Mortg. Co.</u>, Civ.A.No. 07-0557 (E.D.Pa. 2008).
[4] <u>French v. Wells Fargo, N.A.</u>, Civ.A.No. 08-3030 (E.D.Pa. 2008) (denying a Motion to Dismiss when the claim is self-descriptive as finding its "factual basis in the language of the statute itself.").

Lender Defendants allege Tribeca and Franklin not credit services organizations subject to the CSA.  Without admission, Wenglicki concedes withdrawal as only against Franklin.

Wenglicki's Amended Complaint pleads Tribeca a mortgage broker.  Though it dually acted as Wenglicki's originating lender, Tribeca, prior to closing, acted as Wenglicki's mortgage broker though ultimately sourcing the loan to itself in its alter-ego capacity as a lender.

Discovery requires the true status of Tribeca be then determined.

Lender Defendants' motion as to the CSA with regard to Tribeca should be denied.

### C.   AVAYA-Concessions

While Wenglicki will respond to the balance of Avaya's motion below, Respondent-Plaintiff withdraws his cause of action for negligence and incorporates its breach of the covenant of good faith and fair dealing into his breach of contract Count.

### D.   Lender Defendant's and Employer Defendant's Omnibus Claims of Insufficient Specificity Under *Twombly*

The balance of Defendants' motions mis-applies <u>Twombly</u>, supra., as interpreted by this Circuit in <u>Phillips</u>, supra.  Defendants state the appropriate standard for their 12(b)(6) motions but then disregard instead requiring deposition by Complaint.

Plaintiff's Amended Complaint speaks for itself in its entirety and is likewise incorporated by reference as is his original Omnibus Response to Defendants' original Motions to Dismiss.  Suffice to say, Plaintiffs' Complaint is well-pleaded this omnibus

response otherwise intended to correct the legal deficiencies alleged present in Defendants' motions.

Absent Wenglicki's claims of fraud against Avaya, Rule 8 is the standard to be applied. In applying Rule 9(b)'s heightened requirements of specificity to Wenglicki's claim of fraud, Wenglicki has set forth more than enough facts to survive at this stage.

As modified here, counts against Lender Defendants are to be analyzed under Rule 8, are self-descriptive on the face of the statute, and are strict liability. As also modified here, Wenglicki's remaining claims against Avaya are to be analyzed under Rule 8 and 9.

WHEREFORE, Plaintiffs request this Honorable Court deny Defendants' Motions to Dismiss.

                                        PROCHNIAK WEISBERG, P.C.

                                    BY: /s/ Matthew B. Weisberg
                                           Matthew B. Weisberg
                                           Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Robert T. Wenglicki : | |
| 127 Deck Road : | |
| Womelsdorf, PA 19567 : | |
| : | |
| Plaintiff, : | |
| vi. : | |
| : | |
| Tribeca Lending Corp. : | |
| 6 Harrison Street : | CIVIL ACTION NO.: 07-4522 |
| New York, NY 10013 : | |
| : | |
| And : | |
| : | |
| Franklin Credit Management Corp. : | |
| 101 Hudson Street, 25th floor : | |
| Jersey City, NJ 07302 : | |
| : JURY OF TWELVE (12) JURORS DEMANDED | |
| And : | |
| : | |
| Avaya, Inc. : | |
| 2711 Centerville Road Suite 400 : | |
| Wilmington, DE 19808 : | |
| : | |
| Defendants. : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, hereby certify that on this 2 day of January, 2008, a true and correct copy of Plaintiff's Omnibus Response to Defendants' Motions to Dismiss was served electronically, upon the following parties:

Fisher & Phillips, LLP
Michael T. Kenny, Esq.
Kathleen Caminiti, Esq.
430 Mountain Avenue
Murray Hill, NJ 07974

Weltman, Weinberg & Reis Co, LPA
Michael J. Dougherty, Esq.

Jennifer Monty, Esq.
323 W. Lakeside Ave.
Suite 200
Cleveland, OH 44113

                                              PROCHNIAK WEISBERG, P.C.

                                BY:  /s/ Matthew B. Weisberg
                                        Matthew B. Weisberg
                                        Attorney for Plaintiff