# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT T. WENGLICKI, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-4522 |
| | : | |
| TRIBECA LENDING CORP., | : | |
| Defendants | : | |

## MEMORANDUM

**Stengel, J.** December 21, 2009

Plaintiff Robert T. Wenglicki filed a motion for reconsideration in the form of a motion for leave to file an amended complaint. Mr. Wenglicki requests reconsideration of the dismissal of his fraud and Unfair Trade Practices and Consumer Protection Law ("UTPCPL") counts. He requests leave to file an amended complaint. Alternately, Mr. Wenglicki requests dismissal of the counts without prejudice. I will deny this motion.

## I. Background

On October 29, 2007, Plaintiff Robert T. Wenglicki filed a complaint against defendants Tribeca Lending Corp. ("Tribeca"), Franklin Credit Management Corp. ("Frannklin"), and Avaya, Inc. ("Avaya"). Complaint, Wenglicki v. Tribeca Lending Corp., No. 07-4522 (E.D. Pa. filed Oct. 29, 2007). On December 4, 2008, Mr. Wenglicki filed an amended complaint alleging eleven counts against the three defendants. Amended Complaint, Wenglicki v. Tribeca Lending Corp., No. 07-4522 (E.D. Pa. filed Dec. 4, 2008). The allegations included a fraud claim against Avaya, a violation of the

UTPCPL claim against Tribeca and Franklin, and a violation of the Credit Services Act ("CSA"), 73 Pa. Cons. Stat. § 2182, et seq., claim against Tribeca. On July 22, 2009, defendants' motions to dismiss were granted. Order, Wenglicki v. Tribeca Lending Corp., No. 07-4522 (E.D. Pa. filed July 22, 2009).[1]

II.     Standard

A court should grant a motion for reconsideration "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) th availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting N. River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Mr. Wenglicki does not argue an intervening change in law or the availability of new evidence. In addition, although he argues it was a clear error or a manifest injustice to not allow him to amend his complaint, he does not claim it was a clear error of law or

---

[1] The order dismissed Mr. Wenglicki's fraud, breach of contract/warranty, breach of covenant of good faith and fair dealing, violation of the Truth in Lending Act/Home Ownership Equity Protection Act, violation of the Real Estate Settlement Procedures Act, violation of the Equal Credit Opportunity Act, violation of the UTPCPL, and conspiracy and aiding and abetting claims with prejudice for failing to state a claim. Although Mr. Wenglicki's amended complaint did state a violation of the CSA claim, I declined to exercise supplemental jurisdiction over the claim, and dismissed it without prejudice. Mr. Wenglicki's motion for reconsideration addresses only his fraud, UTPCPL, and CSA claims.

fact to find his amended complaint had failed to state a fraud or UTPCPL claim. Memorandum of Law in Support of Plaintiff's Motion for Reconsideration in the Form of a Motion for Leave to File an Amended Complaint at 1, Wenglicki v. Tribeca Lending Corp., No. 07-4522 (E.D. Pa. filed Aug. 3, 2009) [hereinafter Plaintiff's Memorandum]. Mr. Wenglicki alleges he should have been granted leave to amend his complaint, even though it was not requested, because leave to amend should be granted "when justice so requires." Id. at 2 (citing Fed. R. Civ. P. 15(a)(2) and Adams v. Gould, Inc., 739 F.2d 858, 868-70 (3d Cir. 1984)). In the alternate, he argues this court should have dismissed all claims without prejudice, thereby relinquishing jurisdiction.

As the Memorandum filed with the Order granting defendants' motions to dismiss noted, at the time the motions were filed, Mr. Wenglicki had already amended his complaint. The Memorandum notes the fraud claim was "dismissed *with prejudice*" because amending or re-pleading the claim "would be futile." Memorandum at 6, Wenglicki v. Tribeca Lending Corp., No. 07-4522 (E.D. Pa. filed July 22, 2009) (emphasis in original) [hereinafter Memorandum Opinion]. Mr. Wenglicki alleges the defect in pleading "is easily cured," but does not explain how he would cure such defect, or what additional facts he would plead.[2]

Federal Rule of Civil Procedure 15(a)(2), governing amendments to pleadings,

---

[2] Mr. Weenglicki notes he would supplement his motion with an amended pleading if the Court deems it necessary. Plaintiff's Memorandum at 5 n.2. I find filing a supplement unnecessary because it would be futile.

provides a "court should freely give leave when justice so requires." However, leave to file an amended complaint is not required where such amendment would be futile. Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Forman v. Davis, 371 U.S. 178, 182 (1982)). Not granting leave to amend, where such amendment would be futile, was not a clear error of law, nor will manifest injustice result.

Mr. Wenglicki argues, in the alternate, the order granting the motions to dismiss the fraud and UTPCPL claims with prejudice should be altered to a dismissal without prejudice. Plaintiff's Memorandum at 3. Mr. Wenglicki contends it was a mistake to dismiss the fraud and UTPCPL claims with prejudice, but the CSA claim without prejudice. Id. at 4.

Mr. Wenglicki's fraud and UTPCPL claims were dismissed for failure to state a claim. Memorandum Opinion at 14. Mr. Wenglicki's amended complaint, however, pled sufficient facts to state a CSA claim against Tribeca. Id. at 13. Because the CSA claim, the only remaining claim, was a state law claim, I declined to exercise supplemental jurisdiction. Id. at 14. Therefore, the fraud and UTPCPL claims were dismissed with prejudice for failure to state a claim, and the CSA claim was dismissed without prejudice. Id. This would allow Mr. Wenglicki to pursue his state CSA claim in state court.

Mr. Wenglicki does not argue it was a clear error of law or a manifest injustice to find his amended complaint failed to state a fraud or UTPCPL claim on which relief could be granted. Rather, he argues he should be allowed to state the same, insufficient

claims in state court.  Mr. Wenglicki fails to establish the decision to dismiss the fraud and UTPCPL claims was a clear error of law or that manifest injustice would result. Therefore, I will deny Mr. Wenglicki's motion for reconsideration.  See Max's Seafood Café ex rel. Lou-Ann, Inc., 176 F.3d at 677 (3d Cir. 1999) (motion to reconsider should be granted only where there was an intervening change in the law, new evidence is available, it is needed to correct a clear error of law or fact or to prevent manifest injustice).

    An appropriate order follows.